**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ROSARIO ESPERANZA ROSALES-FULEZ** | **CASE NO. 3:26-CV-02256 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GARRETT RIPA ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 29 U.S.C. § 2241. The Court has been notified by Respondents that Petitioner Rosario Esperanza Rosales-Fulez was removed to Honduras on June 29, 2026.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted). Thus, if a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

---

[1] See Notice of Mootness (Doc. 19) and attached Exhibit A, Ward Declaration, ¶ 4.

The proper purpose of a habeas petition is to challenge the fact or duration of a petitioner's confinement. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, habeas exists solely to "grant relief from unlawful imprisonment or custody and . . . cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner's release from the custody of the BOP thus renders his habeas action moot. *See, e.g.*, *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release because "the thrust of [the] petition is to be released from confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (same).

Petitioner's habeas petition challenges the immigration process and the revocation of supervised release. Petitioner was deported subject to a final order of removal. This renders her habeas petition, which is the proper vehicle for challenging only the fact of her immigration detention rather than the merits of her underlying case, moot. *See, e.g.*, *Oguntuyi v. Manue*l, No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24-CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same).

Because Petitioner is no longer in custody, her § 2241 Petition is moot. Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED without prejudice** as **MOOT.**

**THUS DONE AND SIGNED** in chambers on this 21st day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**